UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEFANIE BOONE,

    Plaintiff,

v.

LOWELL AREA SCHOOLS, *et al.*,

    Defendants.

_____/

Case No. 1:24-cv-582

Hon. Paul L. Maloney

## OPINION AND ORDER GRANTING MOTION TO DISMISS

Plaintiff Stefanie Boone brings this suit against Defendants Lowell Area Schools, Nate Fowler, Dan Vandermeulen, Steve Gough, Jacob Strotheide, Abby Wiseman, Ron Acheson, and Christine Beachler. (ECF No. 20). Each individual is a current or former employee of Lowell Area Schools sued in their official capacities. (*Id.*, PageID.279-80). Boone claims Defendants violated her First Amendment rights by implementing policies that prohibit her from directly contacting Lowell Area Schools staff, and from posting references to Lowell Area Schools employees on social media. She also asserts that Defendants violated Title IX and breached their fiduciary duties to Boone. Defendants filed a motion to dismiss for failure to state a claim under Rule 12(b)(6). (ECF No. 22). For the reasons discussed herein, the Court will grant the motion to dismiss.

## I. BACKGROUND

Boone is a vocal "critic[]" of Lowell Area Schools (the "School").[1] (ECF No. 20, ¶ 59). Much of her criticism centers on Defendants' decisions to "promote DEI, SEL, social justice issues, alternate sex and gender ideologies, and other liberal political ideology . . . through manipulative behavior." (*Id.*, ¶ 60). She maintains that she "actively attends school board meetings and is actively involved in her children's education." (*Id.*, ¶ 40). Boone is also active on the "Facebook page called 'Lowell Kids 1st.'" (*Id.*, ¶ 41).

Starting in July 2021, when the School decided to promote "DEI, SEL, social justice issues, alternative sex and gender ideologies, and other liberal political ideology," Boone became "critical" of any related positions or policies implemented by the School. (*See id.*, ¶¶ 59-60). She began by posting on social media, criticizing the School's decisions regarding DEI and other social issues with which she disagrees. (*See id.*, ¶¶ 61-65). She also sent the School a "'FOIA' request," to obtain more information about an alleged "DEI Team." (*Id.*, ¶¶ 66). Later that year, Boone also attempted to become involved in School committees "to protect the children of Lowell Area Schools from early exposure to adult and/or age-inappropriate content." (*Id.*, ¶ 70).

The following year, Boone continued to post on social media and referred directly to School officials who supported alternative sex and gender ideologies. She posted "[t]his is Abby Wiseman, the current Lowell Middle School Principal . . . WHY does a Middle School principal feel the need to display her sexuality?" (*Id.*, ¶ 76). She made another post

---

[1] Three of Boone's children currently attend Lowell Area Schools. (Am. Compl. ¶ 38.) She does not bring any claims on behalf of them or any other child at the School.

2

about the Middle School Principal, saying, "Abby Wiseman, flexing sexuality in her office at school again. Do you want this pushed on your children??" (*Id.*, ¶ 79). And she critiqued any books that she didn't find appropriate, "I find it interesting that Mrs. Beachler stated that the book [*All Boys Aren't Blue*] is only available to seniors. I wonder what their reasoning is?" (*Id.*, ¶ 85).

In 2023, Boone made similar posts; however, she shifted her criticism to Christine Beachler, a librarian. She posted that there is some "odd love fest for Christine Beachler. . . . [S]he is actively working to keep trash like 'All Boys Aren't Blue' in our schools instead of working to PROTECT our children." (*Id.*, ¶ 91). When Beachler added another book to the library that Boone disagreed with, Boone posted "[a]nother one . . . on the shelves for your children at LHS. We have such a HERO for a librarian, don't we? Working hard to protect young minds on the daily." (*Id.*, ¶ 94).

In 2024, Boone began criticizing a Lowell Area Schools teacher over social media. Early that year, Sarah Ellis, a teacher, received a Fulbright Scholar Award. (*Id.*, ¶ 96). Boone went to social media to post "[t]his is the same teacher who is . . . hailed for creating a shrine to a disgusting pornographic, incestual, sexually explicit book (All Boys Aren't Blue)." (*Id.*, ¶ 98).

Shortly after these posts were circulated, the School's principal, Steve Gough, sent Boone a letter requesting that she immediately "cease and desist from any reference to any Lowell Area Schools employee on social media and/or other public communication platforms," and that she "have no contact with . . . staff without prior permission from the involved building principal or the superintendent." (*Id.*, ¶ 100). Around two months after

3

she received the letter, Boone attended a School Board meeting, where she questioned who approved the letter. (*Id.*, ¶ 106).

Boone claims that the policies in the letter are unconstitutional. (*Id.*, ¶¶ 108-09, 116). She asserts that they violate her First Amendment right to free speech because the policies "ban" her speech and act as a prior restraint. (*Id.*, ¶¶ 144, 190). She also argues that the policies are unconstitutionally vague. (*Id.*, ¶ 198). She asserts these claims against the School and against Nate Fowler, Dan Vandermeulen, Steve Gough, Jacob Strotheide, Abby Wiseman, Ron Acheson, and Christine Beachler in their official capacities by way of 42 United States Code § 1983. Boone also claims that Defendants violated Title IX and breached their fiduciary duties to Boone by implementing and supporting DEI-related policies. (*Id.*, ¶¶ 209, 239, 243, 247).

Defendants moved to dismiss Boone's complaint for failure to state a claim on August 26, 2024. This Court ordered Boone to respond to the motion to dismiss or amend its complaint to fix the alleged deficiencies. Boone chose the latter and filed an amended complaint on September 16, 2024. Defendants moved to dismiss the amended complaint for failure to state a claim on September 30, 2024.

## II. LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing how the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *see Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). The complaint need not contain rigorously detailed factual allegations, but must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662, 768 (2009); *Bell*

4

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007). A defendant bringing a motion to dismiss for failure to state a claim under Rule 12(b)(6) tests whether a cognizable claim has been pled in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a claim for relief that is "plausible on its face" and, when accepted as true, are sufficient to "raise a right to relief above the speculative level." *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). "The complaint must 'contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (citation omitted). When considering a motion to dismiss, a court must accept as true all factual allegations but need not accept any legal conclusions. *Ctr. for Bio-Ethical Reform*, 648 F.3d at 369.

### III. ANALYSIS

Boone's complaint centers on two policies Defendants allegedly implemented that Plaintiff maintains are unconstitutional. She claims "Defendants have . . . implemented actions and policies whereby [she] is not permitted to contact any Lowell Area School staff 'without permission from the involved building principal [or] superintendent.'" (ECF No. 20, ¶ 101). This prior permission policy, she alleges, constitutes a First Amendment violation

5

since it "ban[s]" her speech and operates as a prior restraint. (*See id.*, ¶ 108). Boone also claims that Defendants unconstitutionally requested that she "cease and desist from any reference to any Lowell Area Schools employee on social media and/or other public communication platforms." (*Id.*, ¶ 100). This too, she claims, bans her speech and operates as a prior restraint on her speech.

In addition, she asserts that these "policies" infringe on her Fourteenth Amendment right to be free of enactments that are unconstitutionally vague. (*Id.*, ¶¶ 100-01, 200). She also asserts a Title IX violation against Defendants for "intentionally produc[ing] a hostile environment based on sex and den[ying] access to educational programs and benefits." (*Id.*, ¶ 218). Lastly, she brings claims for negligent, reckless, and intentional breach of fiduciary duty against Defendants and an action for declaratory relief. (*Id.*, ¶¶ 239, 243, 247).

### A. Official Capacity Claims

At the outset, it is essential to note that official capacity claims are, in fact, claims directly against the governmental entity. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978))) (modifications in original). Thus, Boone's "official capacity" claims against the individual defendants are construed as claims against the School. Because Boone has sued Lowell Area Schools, her § 1983 claims against the individual defendants in their official capacities are redundant and duplicative of her claims against the School. *See Doe v.*

*Claiborne Cnty., Tenn. ex rel. Claiborne Cnty. Bd. of Educ.*, 103 F.3d 495, 509 (6th Cir. 1996); *Claybrook v. Birchwell*, 199 F.3d 35 356 n.4 (6th Cir. 2000). These claims will be dismissed. *E.g.*, *Doe v. Grandville Pub. Sch. Dist.*, No. 1:18-cv-309, 2018 WL 11507906, at *1 (W.D. Mich. Sept. 6, 2018) ("Because the Does have sued the District, their § 1983 claims against the individual defendants are duplicative of the Does' § 1983 claims against the District. Accordingly, the Does' official-capacity claim against the individual defendants' will be dismissed.").

### B. First and Fourteenth Amendments

Boone claims that the School "banned" her speech when it *requested* that she no longer post on social media or other public communications platforms regarding School employees and directed that she acquire permission from a School superintendent or principal before *directly* contacting School staff.[2] She also claims both policies act as prior restraints on her speech. The prototypical prior restraint is a "licensing statute placing unbridled discretion in the hands of a government official or agency" to allow or disallow speech based on its content. *City of Lakewood v. Plain Dealer Publ'g Co.*, 486 U.S. 750, 757 (1988). The policies alleged here bear no resemblance to such restraints or anything cognizable as a ban.[3]

---

[2] While there are scattered references to other policies, the only ones discussed with any detail as it relates to First Amendment claims are rooted in the "cease and desist" letter and Defendant Gough's comments related to it. (*See* ECF No. 20, ¶¶ 144-97). The Court cannot do the work of litigating on Plaintiff's behalf by engaging in guesswork as to how other facts could support this or a related legal theory. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

[3] Defendants argue that the individual defendants are entitled to qualified immunity. Since the Court concludes the Plaintiff pled no constitutional violation, Defendants are correct, but no separate analysis of whether the rights were clearly established is necessary.

7

Boone fails to allege that the School violated her First Amendment rights by requiring her to contact a principal or superintendent before directly contacting School employees. Members of the public "have no constitutional right to force the government to listen to their views." *Minn. State Bd. for Cmty. Colleges v. Knight*, 465 U.S. 271, 283 (1984). The First Amendment "does not compel the government to respond to speech directed toward it." *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 626 (9th Cir. 2020) (citing *Smith v. Ark. State Highway Emps., Local 1315*, 441 U.S. 463, 465 (1979)); *see also McElhaney v. Williams*, 81 F.4th 550, 559 (6th Cir. 2023) (citing *Lake Washington* for the proposition that school officials need not respond to communications from parents). As a result, entities such as public school districts like Lowell Area Schools "do not have to listen to parents' views." *Lake Wash. Sch. Dist. #414*, 947 F.3d at 626; *see Mejia v. Holt Pub. Sch.*, No. 5:01-cv-116, 2002 WL 1492205, at *4 (W.D. Mich. Mar. 12, 2002). It follows, then, "that it is not a constitutional violation to require that parents, if they wish to be heard, communicate only with particular staff members or do so only at a specified time and place." *Lake Wash. Sch. Dist. #414*, 947 F.3d at 626.

That is what this policy did: it regulated only *to whom* Boone could relay messages. It did not control or regulate the content of her messages. Crucially, Boone was not prohibited from communicating concerns about her children's education or treatment; rather, she claims that the manner in which she was able to communicate with the School and its employees was restricted in violation of her rights. Such a restriction is not a First Amendment violation and a far cry from a "ban" or "restraint" on her speech. *See, e.g., Hansen v. Watkins Glen Cent. Sch. Dist.*, 832 F. App'x 709, 712 (2d Cir. 2020); *Searle*

8

*v. Red Creek Cent. Sch. Dist.*, No. 21-cv-6086, 2021 WL 5086405, at *5 (W.D.N.Y. Nov. 2, 2021) (dismissing a similar First Amendment challenge).

Boone also fails to allege that the School's mere request for her to stop posting about the School's employees "bans" or "restrains" her speech. Specifically, Boone fails to connect the School's request to her ability to continue posting on social media. She alleges, without elaboration, that she has been "silence[d]." (*See, e.g.*, ECF No. 20, ¶ 108). But she doesn't allege any facts that suggest she was prevented from continuing to post on social media or that the School prevented her from using any other forms of communication with Defendants. Instead, she alleges that she attended School Board meetings and voiced her concerns. (*See, e.g., id.*, ¶ 120). Because Boone does not allege that this policy silenced her ability to post on social media relating to the School's acts or chilled her speech, she fails to allege a "banned" speech claim or prior restraint claim.

Boone argues that the policies are unconstitutionally vague because they contain a ban on "bullying, harassment, or misinformation." (*Id.*, ¶ 205). Boone, though, never factually alleges the policies contain such a provision or anything resembling it. A governmental policy is unconstitutionally vague if it fails to "provide adequate notice of the proscribed conduct" and lends "itself to arbitrary enforcement." *United States v. Barraza*, 576 F.3d 798, 806 (8th Cir. 2009). The first policy provides that Boone cannot directly contact a School employee without authorization from a School principal or superintendent. That clear proscription does not lend itself to arbitrary enforcement. The second policy is also clear—it does not proscribe *any* behavior—as the School merely requests that Boone stop referring to School teachers in her social media posts. While Defendant Gough may have

9

said "[t]here is no First Amendment right to bullying, harassment, or misinformation" while discussing the policies, (ECF No. 20, ¶ 107), that does not expand the scope of otherwise clear and constitutional policies which contain no reference whatsoever to the concepts of bullying, harassment, or misinformation. Thus, neither policy is unconstitutionally vague.

Boone's First Amendment and Fourteenth Amendment claims will be dismissed, and her related action for declaratory relief will be dismissed.[4]

### C. Title IX

Boone claims that Defendants violated Title IX by implementing a policy "based on DEI, SEL, social justice issues, and alternate sex and gender ideologies through sexually explicit books and lifestyles." (*Id.*, ¶ 214). She asserts that this policy created a hostile environment. Thus, she "experienced embarrassment, humiliation, frustration, degradation, and loss of dignity," and "has been marginalized by other people in the community on account of her objection to the policy." (*Id.*, ¶¶ 216-17).

Title IX provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). This statute "implies a private right of action to enforce its prohibition on intentional sex discrimination." *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 173 (2005). But it only extends to allowing a *student* who faced discrimination to bring a suit or the student's parent

---

[4] Plaintiff directed the Court's attention to the United States Supreme Court's recent decision in *Mahmoud v. Taylor*. 145 S. Ct. 2332 (2025). In that case, the Supreme Court held that parents were entitled to a preliminary injunction because they had shown that a school's policies burdened parents' ability to raise their children consistent with their religious beliefs. *Id.* at 2342. Plaintiff here brings no similar claims, so *Mahmoud* is not relevant.

as a next friend. *Franks v. Ky. Sch. for the Deaf*, 956 F. Supp. 741, 745 (E.D. Ky. 1996) (citing *Romeo Cnty. Sch. v. U.S. Dept. of Health, Educ., and Welfare*, 600 F.2d 581, 582 (6th Cir. 1979), *cert. denied*, 444 U.S. 972 (1979)); *Rowinsky v. Bryan Ind. Sch. Dist.*, 80 F.3d 1006, 1010 n.4 (5th Cir. 1996), *overruled on other grounds, Davis ex rel. LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629 (1999) (concluding that a minor's mother did not have standing to assert a personal claim under Title IX); *Dipippa v. Union School Dist.*, 819 F. Supp. 2d 435, 446 (W.D. Penn. 2011); *Haines v. Metro. Gov't of Davidson Cnty.*, 32 F. Supp. 2d 991, 1000 (M.D. Tenn. 1998); *Turner v. MCS*, No. 2:24-cv-2978, 2025 WL 2490476, at *5 (W.D. Tenn. May 13, 2025). For example, parents "lack[] standing to assert a Title IX claim" as parents when their children have "attained the age of majority." *Phillips v. Anderson Cnty. Bd. of Educ.*, 259 F. App'x 842, 843 n.1 (6th Cir. 2008).

Here, Boone fails to allege that her children suffered from a hostile environment in violation of Title IX from the policy and does not sue on behalf of her children. She, instead, alleges that she *personally* suffered embarrassment and degradation from the School's actions related to "DEI, SEL," and other "social justice issues." Title IX does not create a private right of action for her personal objections to school policies. Thus, she lacks standing to sue under Title IX.[5]

Boone's Title IX claim, and her related action for declaratory relief, will be dismissed for lack of standing.

---

[5] The Court may raise standing *sua sponte* and at any time. *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 983 (6th Cir. 2012); *Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 730 (6th Cir. 2016).

11

### D. Fiduciary Duties

Boone alleges three claims for breach of fiduciary duty under Michigan law. Ordinarily, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction, and the federal claims are dismissed prior to trial, the court will dismiss the remaining state law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (citation modified)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the Court has determined that Boone's federal claims against Defendants are subject to dismissal. Accordingly, the Court will dismiss Boone's breach of fiduciary duty claims without prejudice.

## IV. CONCLUSION

For these reasons, the Court will dismiss Boone's First Amendment and Fourteenth Amendment claims for failure to state a claim on which relief can be granted and dismiss her Title IX claim for lack of standing. Her state-law claims will be dismissed for lack of jurisdiction. Her action for declaratory relief relating to her First, Fourteenth, and Title IX claims will also be dismissed.

## ORDER

Consistent with this opinion, the Court **GRANTS** Defendants' Rule 12(b)(6) motion to dismiss Boone's First Amendment claims (Counts I and II), and Fourteenth Amendment claim (Count III) and her requests for declaratory relief relating to those claims (Count VIII) for failure to state a claim on which relief can be granted. The Court **DISMISSES** Boone's Title IX claim (Count IV) *sua sponte* for lack of standing under Rule 12(h)(3). The Court also **DISMISSES** Boone's official capacity claims against the individual defendants as duplicative. Lastly, the Court **DISMISSES** Boone's state-law breach of fiduciary duty claims (Counts V, VI, and VII) for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: September 30, 2025         /s/ Paul L. Maloney
                                   PAUL L. MALONEY
                                   UNITED STATES DISTRICT JUDGE